# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4820 | **DATE** | July 23, 2001 |
| **CASE TITLE** | Renée Watanabe vs. Loyola University, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendants' motions to dismiss (docket numbers 76 and 78) are granted. The plaintiff's "corrected amended complaint" (#72) is stricken. The plaintiff is granted leave to file a third amended complaint in accordance with this order within thirty days. The clerk is directed to provide the plaintiff with an amended employment discrimination complaint form and a copy of the court's filing instructions. Failure to submit a third amended complaint by August 20, 2001, will result in summary dismissal of this case in its entirety, with prejudice.

(11) ■   [See attached Memorandum Opinion and Order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 number of notices | Document Number |
| | No notices required. | | |
| X | Notices mailed by judge's staff. | JUL 24 2001 date docketed | |
| | Notified counsel by telephone. | | 98 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 7/23/01 date mailed notice | |
| mjm | courtroom deputy's initials | FILED FOR DOCKETING 01 JUL 23 PM 4:02 | |
| | | Date/time received in central Clerk's Office | md mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RENEE K. WATANABE, )
)
    Plaintiff, )
)
v. ) NO. 99 C 4820
)
LOYOLA UNIVERSITY OF ) Joan H. Lefkow, Judge
CHICAGO, et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

The plaintiff, Renée Watanabe, has brought this *pro se* civil action purportedly pursuant to 29 U.S.C. § 621, 42 U.S.C. § 12101, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and 42 U.S.C. § 1985(3). Plaintiff claims that the defendants, Loyola University of Chicago and Loyola officials (collectively, "Loyola") and Olsten Staffing Services, Inc. (doing business as Co-Counsel),[1] have discriminated against her in violation of the Americans with Disabilities Act, the Age Discrimination Act, Title VII and other statutes, retaliated against her for pursuing remedies with the Equal Employment Opportunity Commission (EEOC), subjected her to sexual harassment, and engaged in a conspiracy against her. This matter is before the court for consideration of the motions of defendants to dismiss the "corrected amended complaint" (hereinafter referred to as the "second" amended complaint) for failure to state a claim upon

---

[1]A third defendant, Dunhill Temporary Systems, Inc. (doing business as Dunhill Staffing Systems), settled with plaintiff and was dismissed from this lawsuit on May 17, 2001. Counts II, VI, X and XIV, which pertain to Dunhill only, will accordingly be dismissed with prejudice. Count VIII, plaintiff's conspiracy claim, is also dismissed insofar as Dunhill is named as a co-conspirator.

which relief may be granted. For the reasons stated in this order, the motion will be granted with leave to replead.

## Allegations

Plaintiff, Renee Watanabe, is Asian-American and alleges that she is perceived as mentally disabled. Plaintiff obtained a bachelor's degree in philosophy from Loyola in September 1998 and has obtained a pre-law certificate for legal studies. Plaintiff's claims, taken as true for the purpose of this motion, are summarized as follows:

### Count I: Race and National Origin Discrimination Under Title VII by Loyola

Between January and June of 1998, plaintiff met with Susan Reis, Director of the Career Center at Loyola, on several occasions. Plaintiff sought help in finding a job.

Reis expressed a willingness to help at the first meeting; however, in ensuing meetings she became increasingly belittling and insulting toward plaintiff. Reis never made any efforts to help place plaintiff in a job. Reis has helped other, non-Asian students find positions. Plaintiff remains unemployed.

### Count III: Race and National Origin Discrimination by Co-Counsel

During the fall of 1998, plaintiff sought employment as a legal assistant through Co-Counsel, a temporary employment agency. Although Co-Counsel indicated that there were jobs open that fit plaintiff's qualifications, she was never called about any job openings she could fill. Co-Counsel later told plaintiff that there were no positions available and refused to respond to her subsequent inquiries. On information and belief, Co-Counsel placed non-Asian-Americans in similar jobs.

### Counts IV and XII: Retaliation by Loyola

During one of plaintiff's meetings with Reis, plaintiff raised the issue of discrimination. Reis asked plaintiff whether she intended to sue Loyola. After that discussion, Reis never made any efforts to help place plaintiff in a job.

### Counts V and VII: Race and National Origin Discrimination Under 42 U.S.C. § 1981 by Loyola and Co-Counsel

In Counts V and VII, plaintiff realleges her previous claims that defendants willfully discriminated against her on the basis of her race and national origin, in violation of 42 U.S.C. § 1981.

### Count VII: Conspiracy to Discriminate Under 42 U.S.C. § 1985(3)

On her resume, plaintiff mentioned Loyola University as part of her educational background. Plaintiff believes that Co-Counsel contacted Loyola about her. Plaintiff believes that defendants circulated references among themselves, thereby conspiring to deprive her of employment on account of her race and national origin.

### Counts IX and XI: Claims Against defendants Loyola and Co-Counsel Under the Age Discrimination in Employment Act

At one point, Loyola's Reis implied that plaintiff was too old for the Placement Office to be of assistance to her. Co-Counsel employees, who were under the age of forty, treated plaintiff with disrespect because of her age. Co-Counsel assisted in the placement of persons under forty in jobs for which plaintiff was qualified. (Plaintiff does not allege that she is more than forty years of age, but for this motion the court will so infer.)

3

### Count XIII: Perceived Disability Discrimination Under the Americans with Disabilities Act by Loyola

Although plaintiff was capable of performing the essential functions of the positions for which she sought employment, Loyola treated plaintiff as if she had psychological problems. Because defendants perceived plaintiff as disabled, they refused to assist her in finding employment commensurate with her education and experience.

### Count XV: Intentional Infliction of Emotional Distress by Loyola

On an unspecified date in 1998, plaintiff was falsely accused of threatening a Loyola employee. Loyola used the incident as a means to force plaintiff to seek counseling she did not need, thereby humiliating her and causing her great emotional distress. Due to the pressures and stress caused by Loyola, plaintiff was unable to complete one course she needed for graduation. Plaintiff's graduation was therefore delayed from January 1998 to September 1998. Loyola provided false and derogatory information to employment agencies seeking information about her. Because plaintiff was unable to find employment, she could not pay the tuition of her son, who was also attending Loyola University. Her son was dismissed from school shortly after plaintiff filed this lawsuit.

## DISCUSSION

The second amended complaint was filed after the court, in a Memorandum Opinion and Order entered by the Hon. Robert W. Gettleman on June 27, 2000, dismissed the first amended complaint with leave to replead in accordance with the court's Opinion. The second amended complaint, however, is virtually identical to the dismissed first amended complaint and in no respect complies with Judge Gettleman's order directing her to amend. The deficiencies of the second amended complaint, then, are the same as the deficiencies of the first. Plaintiff admits

4

that her second amended complaint is not in compliance with Judge Gettleman's order, but she explains that she failed to make the required corrections because her second amended complaint was prepared "at the last minute" due to having to "focus on other things."

Plaintiff was granted two enlargements of time and almost four months to draft her second amended complaint (and still filed it four days after the last, extended deadline). Lack of time to devote to the case is not an excuse to neglect one's case, for it is not only the plaintiff's case. It is also the defendants' case, a case on which they have been forced to expend their time and money to defend. Further, merely to refile a defective pleading to meet a court deadline is unacceptable conduct. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.), *opinion amended on other grounds on denial of rehearing by Downs v. Westphal*, 87 F.3d 202 (7th Cir. 1996) ("being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the *pro se* litigant the discretion to choose which of the court's rules and orders it will follow, and which it will wilfully disregard").

In short, the defendants' motions to dismiss must be granted. In the main, there is no need to go through the exercise of identifying the defects in the second amended complaint other than to refer plaintiff back to Judge Gettleman's Opinion. A couple of new issues are addressed as follows:

Despite Judge Gettleman's directive that facts arising pre-February 1998 are not actionable and should be omitted from the third amended complaint, plaintiff now argues that the discrimination against her was a "continuing violation." Because the previous motions to dismiss contended that plaintiff had not even alleged dates on which the discrimination occurred, the precise issue of "continuing violation" did not arise in the first round of motions. And since the second amended complaint is virtually the same as the first amended complaint, it is still

5

impossible to frame or decide the issue of continuing violation. In *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir.), *cert. denied*, 528 U.S. 874 (1999), the Seventh Circuit explained that when alleged discriminatory acts are part of a policy or pattern of continuing discrimination and "it would be unreasonable to expect plaintiff to perceive offensive conduct as Title VII harassment before the limitations period runs, or the earlier discrimination may only be recognized as actionable in light of events that occurred later, within the period of the statute of limitations," the continuing violation doctrine will apply and events that took place prior to 300 days before a plaintiff filed an EEOC charge will be deemed timely.

It is a rare instance, however, when that court finds a continuing violation outside the context of discriminatory pay.[2] In *Selan v. Kiley*, 969 F.2d 560 (7th Cir. 1992), for example, the court addressed the question whether two separate incidents of alleged discrimination three years apart constituted a single continuing violation. The court ruled that these incidents did **not** amount to a continuing violation on the theory that it would have been difficult for plaintiff to "'pinpoint the exact day the violation occurred.'" *Id.* at 565 (quoting *Stewart v. CPC Int'l, Inc.*, 679 F.2d 117, 120 (7th Cir. 1982)). Because plaintiff's allegations all indicate that she was aware of alleged discrimination at or near the time it occurred, it is difficult to see any possible room for a continuing violation theory here. At a minimum, the doctrine provides no defense to the motion before the court.

The court previously dismissed Count III, plaintiff's Title VII claim against Co-Counsel, for failure to state a claim. The court noted that the complaint failed to allege either that (a) Co-Counsel placed non-Asian-Americans in jobs after telling plaintiff there were no openings, or (b)

---

[2]*Bartmess v. Drewrys USA, Inc.*, 444 F.2d 1186 (7th Cir. 1971), is one such instance.

plaintiff was denied placement because she is Asian-American. *See* Memorandum Opinion, p. 13. The second amended complaint does not cure those deficiencies. In fact, in her responsive brief, plaintiff appears to concede that she has no claim against Co-Counsel for race discrimination under Title VII. If that is so, then plaintiff must exclude allegations of race discrimination by Co-Counsel from her third amended complaint.

The court entirely rejected plaintiff's conspiracy claim against all three then-defendants under 42 U.S.C. § 1985(3), finding the complaint to be "fatally deficient" because she had pled no facts whatsoever to support such a claim. Indeed, plaintiff's own allegations refute any inference of a conspiracy. Plaintiff states that she was offered a position with the fiancé of a Loyola professor who disliked her. It was the plaintiff herself who refused the position because she feared a set-up. These facts indicate that Loyola officials did **not** share negative information to denigrate her, as she suggests, and that none of the defendants denied her that job. Setting this aside, the court also rejects plaintiff's argument that discovery is necessary to prove that a conspiracy existed. Although discovery may yield information that would permit plaintiff to amend her complaint to add a count for conspiracy, she may not plead a claim without any basis in fact in the hope of discovering evidence. *See* Rule 11, Fed. R. Civ. P.

As a result, the motions to dismiss will be granted. Plaintiff will be given one, **final** opportunity to draft a complaint in accordance with the court's orders and with applicable law. She is granted until August 20, 2001, to file a third amended complaint that cures the various pleading deficiencies discussed in Judge Gettleman's Opinion, dropping any non-actionable claims. The third amended complaint shall further omit any claims against Dunhill employment agency, with whom plaintiff has settled, and any race discrimination claim against Co-Counsel.

7

entirety. No extensions will be granted. On this occasion, in light of plaintiff's *pro se* status, the court will deny the defendant Loyola University's request to award costs and attorneys fees in connection with having to bring a motion to dismiss the duplicative pleading. However, if plaintiff continues to ignore court orders, she may be subject to the imposition of costs as well as sanctions, including dismissal of this case with prejudice.

_____
JOAN H. LEFKOW
United States District Judge

DATED: July 23, 2001

# INSTRUCTIONS
## FOR SUBMITTING DOCUMENTS
## TO BE FILED IN OUR COURT

The following are a list of procedures that should be followed when submitting documents to be filed in our court. These procedures will enable us to process your documents properly and promptly.

1. Include on your documents the **case number** given to your complaint by our court, the **judge's name**, the **title of the case**, and a **descriptive title** of your document.

2. You should send your documents to:

    Clerk's Office
    U.S. District Court
    219 South Dearborn Street
    Chicago, IL  60604

    who will process the document(s) and forward them to the appropriate judge. If you send your documents to any other location it will only delay the processing and docketing.

3. Attach a certificate of service to the **back** of your document. A certificate of service is a statement indicating that you have sent defendant's attorney a copy of your document (see **example** below). **DO NOT USE THIS EXAMPLE**. The certificate should state to whom copies were mailed and the date of mailing.

4. Always submit the **original** and **two (2) copies** to the court. One copy will be returned to you.

Please note that the court may strike your document or direct their return if they do not comply with these directions.

### (EXAMPLE of) Certificate of Service

I, (plaintiff's name), swear under penalty of perjury that I served a copy of the attached document on (name and address of counsel for defendants), by placing it in the mail at the _____ Correctional Center on (date).

_____

Note: If defendants are not represented by the same attorney, then each attorney must be served.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
_____ DIVISION

_____ )
_____ )
_____ )
_____ )
_____ )  CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
                                   )
          V.                       )  NO._____
                                   )  (Case number will be supplied by the assignment clerk)
                                   )
_____ )
_____ )
_____ )
_____ )
_____ )
(Name of the defendant or defendants) )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _____ of

   the county of _____ in the state of _____.

3. The defendant is _____, who

   resides at (street address) _____

   (city)_____(county)_____(state)_____(ZIP)_____

   (Defendant's telephone number) (___) – _____

4) The plaintiff sought employment or was employed by the defendant at

(street address) _____

(city)_____(county)_____(state)_____(ZIP code)_____

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

   (month)_____, (day)_____, (year)_____.

7. (a) The plaintiff [check one box] ☐ *has not* / ☐ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (I) ☐ the United States Equal Employment Opportunity Commission on or about

   (month)_____ (day)_____ (year)_____.

   (ii) ☐ the Illinois Department of Human Rights on or about

   (month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES ☐ NO

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

(Guide to Civil Cases for Litigants Without Lawyers: Page 50)

8. (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

   (b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

   (a) ☐ Age (Age Discrimination Employment Act).

   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (c) ☐ Disability (Americans with Disabilities Act)

   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).   ☐ YES   ☐ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.

12. The defendant [check all that apply]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ other (specify): _____

_____

_____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_____

_____

_____

_____

_____

_____

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

- (a) ☐ Direct the defendant to hire the plaintiff.
- (b) ☐ Direct the defendant to re-employ the plaintiff.
- (c) ☐ Direct the defendant to promote the plaintiff.
- (d) ☐ Find that the defendant failed to reasonably accommodate the plaintiff's religion.
- (e) ☐ Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.
- (f) ☐ Direct the defendant to (specify): _____

_____
_____
_____
_____
_____
_____
_____

- (g) ☐ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _____

(Plaintiff's name) _____

(Plaintiff's street address) _____

_____

(City)_____(State)_____(ZIP)_____

(Plaintiff's telephone number) (____) – _____